UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON,<br><br>                    Petitioner,<br><br>     v.<br><br>ALLEN K. SCRIBNER,<br><br>                    Respondent. | 1:05-cv-01488-AWI-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION TO REOPEN CASE AND/OR VACATE JUDGMENT  (Doc. 8)<br><br>ORDER DENYING AS MOOT PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 9)<br><br>ORDER WITHDRAWING ORDER OF OCTOBER 3, 2007 (Doc. 10)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TEN DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 13, 2006, the Court dismissed the instant petition and entered judgment for Respondent based on Petitioner's failure to pay the $5.00 filing fee. (Doc. 7). On September 7, 2007, Petitioner filed the instant Motion to Reopen Case And/Or Vacate Judgment, contending that prison officials, not Petitioner, caused the delay in paying his filing fees. (Doc. 8). Also on September 7, 2007, Petitioner filed a motion to proceed in forma pauperis. (Doc. 9). On October 3, 2007, the Court issued an order denying Petitioner's motion to reopen the case and denying the request to proceed in forma pauperis as moot. (Doc. 10).  Petitioner filed a notice of appeal on October 11, 2007. (Doc. 11). To insure that Petitioner's motion to reopen the case is handled appropriately, the Court is withdrawing its order of October 3, 2007, and re-issuing it as these Findings and Recommendations.

**DISCUSSION**

The Court construes Petitioner's motion to reopen the case as a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).[1]

Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner fails to meet this high standard. Petitioner's motion contends that prison officials caused the fatal delay in paying the filing fees by obstructing Petitioner for "½ year from submitting filing fees" and by cancelling a check in May 2007 that would have paid for the fees in this case. Even assuming such unsubstantiated allegations were true, however, they fail to explain why Petitioner waited until May 2007 to pay the filing fee in a case in which he was made aware of the need to pay said fee on July 19, 2006 or why Petitioner made no other efforts in the ensuing six months after May 2007 to resolve this issue. Moreover, Petitioner had already raised with the Court this issue of prison interference with his mail in a filing on February 16, 2006 (Doc. 4), and therefore he does not now set forth any new arguments or evidence that have not already been considered by this Court. Petitioner's arguments thus present no basis for relief.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The Court's order of October 3, 2007 (Doc. 10), is WITHDRAWN; and,

2. Petitioner's Motion to Proceed in forma pauperis (Doc. 9), is DENIED as MOOT.

///

---

[1] If the Court were to construe the motion as a Motion to Alter or Amend the Judgment, pursuant to Fed.R.Civ.P. 59(e), the motion would have to be denied because such a motion must be made within ten days of the entry of judgment. Here, by contrast, Petitioner waited almost an entire year before filing his motion.

**RECOMMENDATIONS**

For the foregoing reasons, the Court RECOMMENDS that Petitioner's Motion to Reopen Case And/Or Vacate Judgment (Doc. 8), be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 17, 2007**               /s/ Theresa A. Goldner
                                      UNITED STATES MAGISTRATE JUDGE