# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RODERICK WASHINGTON,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>**J. WOODFORD, et al.,** )<br>)<br>Respondent. )<br>) | 1:05-CV-1488 AWI TAG HC<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABLITY**<br><br>(Document #12) |

Petitioner is a state prisoner who had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 19, 2007, the Magistrate Judge issued Findings and Recommendations that recommended the court dismiss this action for Plaintiff's failure to prosecute and failure comply with the court's order that he either pay the filing fee for this action or file an application to proceed in forma pauperis. On October 13, 2006, the court adopted the Findings and Recommendations and dismissed the petition. On September 7, 2007, Petitioner filed a motion to reopen this action. Petitioner contended in this motion that prison officials did not comply with Petitioner's requests to send the court the filing fee. Given the delay in Petitioner informing the court of any problems he had encountered with prison officials and Petitioner's failure to provide any evidence, such as a declaration, supporting his assertions, the court denied the motion to reopen this action. Petitioner now seeks to appeal.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>  (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds, as the court did in this action, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

In the present case, the court finds that reasonable jurists would not disagree with this court's decision to not reopen this case.   Given the lack of evidence supporting Petitioner's contentions, reasonable jurists would have declined to reopen this case.

Accordingly, Petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

**Dated:   December 19, 2007**        /s/ Anthony W. Ishii
                                                    UNITED STATES DISTRICT JUDGE